No. 13-16971

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

---

ERICA SOLTERO
Plaintiff, Appellant

v

MACY'S, INC.
Defendant, Appellee.

---

ON APPEAL FROM UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

CIVIL CASE NO. 2:13-cv-01063-JAM-EFB

---

APPELLANT'S OPENING BRIEF

---

ADVOCATES FOR APPELLANT

SMITH PATTEN
SPENCER F. SMITH, ESQ. (SBN 236587)
DOW W. PATTEN, ESQ. (SBN 135931)
353 Sacramento Street, Suite 1120
San Francisco, California 94111
Telephone 415-402-0084
Facsimile 415-520-0104

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS................................................................... i

TABLE OF AUTHORITIES..............................................................iii

INTRODUCTION.........................................................................1

STATEMENT OF JURISDICTION ….................................................2

STATEMENT OF ISSUES..............................................................2

STATEMENT OF THE CASE..........................................................2

    I.    STATEMENT OF FACTS …...............................................2

    II.    RELEVANT PROCEDURAL HISTORY ...........................4

SUMMARY OF ARGUMENT.........................................................4

LAW AND ARGUMENT...............................................................5

    I.    LEGAL STANDARD OF REVIEW …..............…..................5

    II.    LEGAL ANALYSIS ….....................................................5

        A.    The District Court's Erroneous Rulings on Appellant's
            Evidentiary Objections ….............................................5

            1.    The District Court Erred in Overruling Appellant's
                Objection that Appellee Failed to Properly Authenticate
                the Electronic Acknowledgment Form that Appellant
                Allegedly Signed ….............................................7

                *i.*    *The exhibits in support of Appellee's motion were
                    improperly authenticated* ….................................8

ii. *These improperly authenticated exhibits should not have been considered by the district court in granting Appellee's motion to compel and dismiss* …...................................................11

2. The Court Must Reverse the District Court's Ruling to Permit Appellant to Conduct Appropriate Fact Discovery …..........................................................12

CONCLUSION....................................................................................14

## <u>TABLE OF AUTHORITIES</u>

### UNITED STATES SUPREME COURT CASES

*GE v. Joiner*
    522 U.S. 136 (1997) …..........................................................................5

### COURT OF APPEALS CASES

*Davis v. HSBC Bank*
    691 F.3d 1152 (9th Cir. 2012) …......................................................12

*Fraser v. Goodale*
    342 F.3d 1032 (9th Cir. 2003) …......................................................12

*Guidotti v. Legal Helpers Debt Resolution, L.L.C.*
    716 F.3d 764 (3d Cir. 2013) …........................................................13

*Knievel v. ESPN*
    393 F.3d 1068 (9th Cir. 2005) …................................................12, 13

*Las Vegas Sands, LLC v. Nehme*
    632 F.3d 526 (9th Cir. 2011) …......................................................8, 12

*Maffei v. N. Ins. Co.*
    12 F.3d 892 (9th Cir. 1993) …...........................................................5

*Orr v. Bank of Am.*
    285 F.3d 764 (9th Cir. 2002) …..........................................................8

*Van Buskirk v. Cable News Network, Inc.*
    284 F.3d 977 (9th Cir. 2002) …........................................................12

### DISTRICT COURT CASES

*Alvarez v. T-Mobile USA, Inc.*
    2011 U.S. Dist. LEXIS 146757 (E.D. Cal. Dec. 20, 2011) …......................7, 11

*Butte v. Stonebridge Life Ins. Co.*
  2012 U.S. Dist. LEXIS 44585 (D. Nev. Mar. 30, 2012) …................................12

*Chartis Specialty Ins. Co. v. Aqua Scis. Eng'rs, Inc.*
  2013 U.S. Dist. LEXIS 124090 (N.D. Cal. Aug. 26, 2013) …..........................12


# FEDERAL STATUTES

28 U.S.C. § 1291 …......................................................................................2

28 U.S.C. § 1332 …..................................................................................2, 4


# FEDERAL RULES OF APPELLATE PROCEDURE

Fed. R. App. Proc.  4(a)(1)(A)....................................................................2


# FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ. P. 12 …........................................................... *passim*

Fed. R. Civ. P. 56 …...........................................................*passim*

# FEDERAL RULES OF EVIDENCE

Fed. R. Evid. 901(a) …...............................................................8, 9, 10

# STATE STATUTES

Cal. Gov't Code § 12900 …......................................................................4

Cal. Gov't Code § 12945 …......................................................................4

## INTRODUCTION

Appellant Erica Soltero, ("Appellant" or "Ms. Soltero"), appeals the district court's dismissal of her lawsuit against Appellee, Macy's, Inc. ("Appellee" or "Macy's"). The District Court granted Appellee's Motion to Compel Arbitration and Dismiss, based upon unauthenticated exemplars and screen shots of documents allegedly electronically signed by Appellant.

Contrary to the popular idiom, what Ms. Soltero did not know *did* hurt her. In July 2006, she underwent training with her new employer, Appellee, in which she was instructed to complete various online employment forms in order to finish her orientation and commence employment. Buried amidst the forms was a mandatory arbitration provision, to which Appellant allegedly assented.

The district court overruled Appellant's evidentiary objections after converting the Rule 12(b)(6) motion filed by Appellee into summary judgment proceedings. In doing so, the district court committed reversible error by ruling that the record was sufficiently reliable to permit a determination of what Plaintiff signed and whether she waived her right to try her claims in court.

## STATEMENT OF JURISDICTION

Appellant commenced this action in Stanislaus County Superior Court on April 10, 2013. On May 29, 2013, Appellee removed this action to the United

States District Court for the Eastern District of California based on 28 U.S.C. § 1332 diversity jursidiction. On September 18, 2013, the district court granted Appellee's Motion to Compel Arbitration and Dismiss, or in the Alternative, Stay Civil Proceedings. Appellant timely filed her appeal of the district court 's decision on September 27, 2013. *See* Fed. R. App. Proc. 4(a)(1)(A). This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## STATEMENT OF ISSUES

1. Whether the district court committed reversible error by overruling Appellant's evidentiary objections as to documents presented by Appellee in support of its motion for summary judgment.

2. Whether the district court committed reversible error by failing to provide Appellant the opportunity to discover and present all the material pertinent to Appellee's motion.

## STATEMENT OF THE CASE

## I. STATEMENT OF FACTS

Ms. Soltero was employed by Appellee from July 2006 until February 2, 2012. (EOR 20, 40.) On or around July 14, 2006, she participated in initial training and orientation. (EOR 37-38, 40.) Amidst the various employment forms filled out that day by Appellant, Appellee claims that Ms. Soltero electronically

signed the "Solutions InSTORE New Hire Acknowledgement" ("SIS Acknowledgement"). (EOR 28.)  Mandatory and binding arbitration is required as a condition of employment.  (EOR 19-20.)

During the approximately two-hour training, Appellee's training staff instructed Ms. Soltero that she was required to fill out their employment-related paperwork before beginning work. (EOR 26, 38.)   All of the forms were to be completed online.  (EOR 38.)

Appellee claims that Ms. Soltero input her Social Security number, date of birth, and zip code to log into unspecified online forms. (EOR 26.)  Of the forms she completed, Ms. Soltero was required to click "I Certify" and then sign the SIS Acknowledgement form electronically by entering her Social Security Number, date of birth, and zip code in a pop-up box. (EOR 21, 23, 24, 26, 2728, 34, 35.) Ms. Soltero had no option other than to click the "I certify" button. (EOR 26.) During this time, between 6:45:02 p.m. and 7:00:26 p.m., Ms. Soltero successively acknowledged, completed, and/or electronically signed eight online documents whose contents are in dispute. (EOR 28.)

## II.    RELEVANT PROCEDURAL HISTORY

On April 10, 2013, Appellant filed her complaint against Appellee in Stanislaus County Superior Court (Case No. 683916), alleging five causes of

action pursuant to California law: (1) Race Discrimination (Cal. Gov. Code § 12900, *et seq*.); (2) Retaliation (Cal. Gov. Code § 12900, *et seq*.); (3) Retaliation (Cal. Gov. Code § 12945.2); (4) Pregnancy Discrimination (Cal. Gov. Code § 12945(a)(1)); and (5) Wrongful Termination in Violation of Public Policy.

On May 29, 2013, after answering the Complaint, Appellee removed this action to the United States District Court for the  Eastern District of California based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Thereafter, on July 2, 2013, Appellee filed its Motion to Compel Arbitration and Dismiss, or in the Alternative, Stay Civil Proceedings.  On September 18, 2013, a hearing was held in which the district court granted Appellee's Motion and dismissed the case, after relying upon improperly authenticated documents, concluding that "the plan agreement is neither procedurally nor substantively unconscionable, and therefore the court finds that the arbitration agreement is not unconscionable and therefore valid and enforceable."  (EOR 18.) September 27, 2013, Appellant timely filed her Notice of Appeal.

## SUMMARY OF ARGUMENT

The district court committed reversible error by overruling Appellant's objections to the unauthenticated documents submitted in support of Appellee's Motion to Compel Arbitration and Dismiss, or in the Alternative, Stay Civil

Proceedings. Furthermore, Appellee's Motion to Compel Arbitration and Dismiss, or in the Alternative, Stay Civil Proceedings, was transformed by the district court into a Fed. R. Civ. P. 56 motion. Therefore, this Court must reverse the district court's ruling in order to permit Appellant to conduct appropriate fact discovery.

## LAW AND ARGUMENT

### I. LEGAL STANDARD OF REVIEW

Abuse of discretion is the standard of review for a district court's evidentiary rulings. *See GE v. Joiner*, 522 U.S. 136, 141 (1997). Accordingly, to be reversed, the district court's ruling must be manifestly erroneous and prejudicial. *See Joiner*, 522 U.S. at 142; *Maffei v. N. Ins. Co.*, 12 F.3d 892, 897 (9th Cir. 1993).

### II. LEGAL ANALYSIS

#### A. The District Court's Erroneous Rulings on Appellant's Evidentiary Objections

In her Opposition to the Motion to Compel and Dismiss, Appellant set forth specific objections to the Declaration of Ragunathan Veeraraghavan ("the Veeraraghavan Declaration" or "Ms. Veeraraghavan") in support of Appellee's Motion to Compel Arbitration. Appellant objected, *inter alia*, on the grounds the "exhibits bear indicia of unreliability, and the statements of authentication do not adequately state personal knowledge sufficient to authenticate the exhibits." (EOR 39.) Appellant cited an example: "the Exhibit 'C' to the declaration contains the

following language: 'Welcome to Macy's Inc. This form acknowledges that you have been given information about a unique employment benefit: The Solutions InSTORE early dispute resolution program.' Yet, the 'form' that the computer system allegedly stored [contained in Exhibit 'H'] bears no such language." (EOR 39.)

At the hearing on September 18, 2013, Ms. Soltero's counsel succinctly articulated the substance of Appellant's objections based on lack of proper authentication:

> What we don't have is foundation that demonstrates this is the brochure and the form that has been in place and has been used throughout this time period. We have Miss Gick's declaration that says that this is the brochure [...] [W]e have no dates of when that was drafted, who drafted it, how it came to be the corporate brochure, any of the foundational elements that say that this is what [Ms. Soltero] agreed to.

(EOR 13, 14.) Nonetheless, the district court overruled Appellant's evidentiary objections. (EOR 15.) During the hearing, the district court paraphrased portions from the Veeraraghavan Declaration by stating that, "she oversees the management of the online forms that all new employees are required to complete and that she's familiar with the system" and she has access to the electronic signature database to determine whether [Appellant] had electronically signed the acknowledgment form. (EOR 15.) The Court erroneously reasoned that Ms. Veeraraghavan "is, in effect, the custodian of record and she has knowledge of the system, which is

6

sufficient under [*Alvarez v. T-Mobile USA, Inc.*, 2011 U.S. Dist. LEXIS 146757 (E.D. Cal. Dec. 20, 2011)], in which the court found that for a motion to compel arbitration, objections on the basis of a failure to comply with the technicalities of authentication or the best evidence rule are inappropriate." (EOR 15-16.) The Court further added that  the Veeraraghavan Declaration was "submitted to show that [Appellant] signed the forms, which [Appellant] does not deny, [Ms. Soltero] only states that she does not remember specifically what forms she signed." (EOR 16.)  Finally, the district court erroneously and prejudicially dismissed the aforementioned discrepancy between Exhibits "C" and "H," alleging that Appellant did not "demonstrate that the exhibits are unreliable." (EOR 16-17.)

1.     **The District Court Erred in Overruling Appellant's Objection that Appellee Failed to Properly Authenticate the Electronic Acknowledgment Form that Appellant Allegedly Signed.**

The district court committed reversible error by overruling Appellant's evidentiary objections and thereby considering improperly authenticated Exhibits, which included exemplars and screen shots of documents allegedly viewed by Ms. Soltero when she electronically signed. Moreover, the district court erroneously considered the exhibits attached to Appellee's declarations, in contravention of the Fed. R. Civ. P. 56 standard, as discussed below.

### i.    The exhibits in support of Appellee's motion were improperly authenticated

Fed. R. Evid. 901(a) provides that  "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  The Ninth Circuit has held that, "[a] document *authenticated through personal knowledge* must be attached to an affidavit, and the affiant must be a competent "'witness who wrote [the document], signed it, used it, or saw others do so.'"  *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 533 (9th Cir. 2011) (*quoting Orr v. Bank of Am.*, 285 F.3d 764, 773-74 & n.8 (9th Cir. 2002)) (emphasis in original).  However, the requirement to authenticate documents through personal knowledge when submitted in a summary judgment motion "'is limited to situations where exhibits are introduced by being attached to an affidavit" of a person whose personal knowledge is essential to establish the document is what it purports to be—that it is authentic." *Id*.  (*quoting Orr*,  285 F.3d at 778 n.24).

In the Veeraraghavan Declaration, Ms. Veeraraghavan declares that she has "personal knowledge of the facts set forth," despite being located in Johns Creek, Georgia and failing to state or establish her presence during Ms. Soltero's training with Appellee in July 2006. (EOR 25, 29.)  Furthermore, paragraph 4 of the Veeraraghavan Declaration generally describes the online forms a candidate must

complete prior to commencing employment with Macy's before stating the following: "See **Exhibit F** for the Solutions InSTORE New Hire Online Acknowledgement viewed by Ms. Soltero." (EOR 26) (emphasis in original). Ms. Veeraraghavan again attempted to authenticate this same Exhibit in paragraph 13 by claiming that she "accessed electronic signature database" to check for Appellant's electronic signature. (EOR 28)   Notably absent from this offer of proof is any link between the database containing the forms and the database containing the "electronic signatures" such that the signature captures the content of the form that it is being allegedly signed.   Embedding a cryptographaic hash function within the digital signature to link the content of the form signed to the "electronic signature" is a trivial technical hurdle, but is an essential part of authentication of electronic signatures.   Appellant was denied the opportunity to address this gaping technical hole in Macy's evidence by the District Court's error.

Fed. R. Evid. 901(a), reuires a proper foundation to demonstrate reliability. Even within Exhibit "F" itself, the purported SIS Acknowledgement is on a separate page from the alleged electronic signature.  The Veeraraghavan Declaration fails to provide any foundational facts to verify that this was *the* "SIS Acknowledgement" viewed by Ms. Soltero. Therefore the district court erred by overruling Appellant's authentication objections.

9

Moreover, in paragraph 14 of the Veeraraghavan Delcaration, Appellee attempts to authenticate that Exhibit "H" contained "true and correct copies of all online forms acknowledged, completed, and/or electronically signed" by Ms. Soltero, including the alleged SIS Acknowledgement. However, as indicated above by Appellant's counsel at the September 18, 2013 hearing, this "SIS Acknowledgement" purportedly viewed by Appellant bore significant indicia of unreliability, as it did not contain prefatory language that was contained in Exhibit "C." (EOR 31, 32, 36, 39.) This discrepancy is never explained anywhere in the Veeraraghavan Declaration. Likewise, the district court stated no reason for its rejection of Appellant's objection. (EOR 16, 17.) As such, the district court committed manifest error in relying upon these statements and documents, as Appellee was required by Fed. R. Evid. 901(a) to address this indicia of unreliability.

Finally, paragraphs 5, 6, 9, and 11 of the Veeraraghavan Declaration purport to attach "true and correct" copies, respectively, of exemplars of the "Login screen"; the "Online Forms Main Menu screen"; the "electronic signature dialogue box" after an employee electronically signs the SIS Acknowledgement; and the "status change" after an employee's electronic signature has been saved. (EOR 26-27.) Each of the paragraphs accompanying the exemplars merely describe what

10

the new employee must do to fill out the online forms without any reference to personal knowledge of whether these were the particular exemplars viewed by Ms. Soltero.   The Veeraraghavan Declaration contains no assertion under oath that the exhibits were the forms in use at the time Appellant allegedly viewed and acknowledged their contents.  As these paragraphs do not provide "evidence sufficient to support a finding that the item is what the proponent claims it is," pursuant to Fed. R. Evid. 901(a),  Appellant was prejudiced by the district court 's erroneous evidentiary rulings that the Exhibits to the Veeraraghavan Declaration formed the basis for its decision to dismiss her case and compel arbitration. Accordingly, this Court should reverse the district court 's ruling.

> ### ii.     *These improperly authenticated exhibits should not have been considered by the district court in granting Appellee's motion to compel and dismiss*

The district court erred in considering improperly authenticated evidence subject to the Rule 56(d) standard.  The district court  expressly relied on *Alvarez*, 2011 U.S. Dist. LEXIS 146757 at 10-11, which states in relevant part that, "at the summary judgment stage the court does not 'focus on the admissibility of the evidence's form,' but rather 'focus[es] on the admissibility of its contents.' [...] Objections on the basis of a failure to comply with the technicalities of authentication requirements or the best evidence rule are, therefore, inappropriate."

11

(*quoting Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003)(evidence which could be made admissible at trial may be considered on summary judgment)

However, there is no indication here that any of the exemplars proffered in the Veeraraghavan Declaration could be made admissible by curing the defects in the evidence. This Court has long held that "'unauthenticated documents cannot be considered in a motion for summary judgment.'" *Las Vegas Sands, LLC v. Nehme*, 632 F.3d at 532-33 (*quoting Orr*, 285 F.3d at 773); *see also Butte v. Stonebridge Life Ins. Co.*, 2012 U.S. Dist. LEXIS 44585 (D. Nev. Mar. 30, 2012); *Chartis Specialty Ins. Co. v. Aqua Scis. Eng'rs, Inc.*, 2013 U.S. Dist. LEXIS 124090 (N.D. Cal. Aug. 26, 2013). Based upon the lack of reliability of the evidence proffered, the District Court committed an abuse of discretion.

### 2. This Court Must Reverse the District Court's Ruling to Permit Appellant to Conduct Appropriate Fact Discovery.

In the Ninth Circuit, under the "incorporation by reference" doctrine, "a court may look beyond the pleadings without converting the Rule 12(b)(6) motion into one for summary judgment." *Davis v. HSBC Bank*, 691 F.3d 1152, 1160 (9th Cir. 2012) (*quoting Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002)). The courts may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [Appellant 's] pleading." *Id.* (*quoting Knievel v. ESPN*,

393 F.3d 1068, 1076 (9th Cir. 2005) (emphasis added) (alteration in original) (internal citation and quotation marks omitted).

In considering whether motions to compel arbitration should be evaluated under Rule 12(b)(6) or Rule 56(d), the Third Circuit has articulated that often "a more deliberate pace is required, in light of both the FAA's insistence that private agreements be honored and the judicial responsibility to interpret the parties' agreement, if any, to arbitrate." *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 774 (3d Cir. 2013). Accordingly, the *Guidotti* Court explained that applying a Rule 12(b)(6) standard is inappropriate where, as in this case, arbitrability is not apparent on the face of the complaint. *Id.* In such a situation, the motion to compel arbitration must be denied pending limited fact discovery into whether the parties agreed to arbitrate and whether the agreement was valid. *Id.* (internal citations omitted).

Here, in support of its Motion to Compel Arbitration and Dismiss, Appellee submitted improperly authenticated exemplars of screens that Ms. Soltero allegedly viewed prior to her electronically signing the SIS Acknowledgement to demonstrate that she had received the brochure, including the opt-out form, that Appellee allegedly provided her as part of its mandatory arbitration program. (EOR 21, 23, 24, 26, 27, 28, 34, 35.) Since these exemplars exist outside the

13

pleadings, the Court must treat this motion as a motion for summary judgment. *See* Fed. R. Civ. P. 12(b).

This was precisely what the district court did when it expressly applied the Rule 56(d) standard in overruling Appellant's authentication objections. (EOR 15.) However, by converting a motion to dismiss into a motion for summary judgment based on "matters outside the pleadings [that] are presented to the court," all parties must be "given a reasonable opportunity to present all the material that is pertinent to the [Rule 56] motion." Fed. R. Civ. P. 12(d). Appellant was denied the opportunity to conduct fact discovery, prior to the district court ruling on Appellee's motion for summary judgment, thereby denying Appellant a reasonable opportunity to discover the underlying defects in the online acknowledgement process and present all the material pertinent to Appellee's motion. As such, the district court committed reversible error by overruling Appellant's authentication objections to grant Appellee's Motion.

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court reverse the district court 's overruling of her evidentiary objections and remand the proceedings with an instruction to commence fact discovery consistent with Rule 56(d).

Respectfully submitted this 4th day of March 2014,

SMITH PATTEN

*/s/ Dow W. Patten*

Spencer F. Smith
Dow W. Patten
Attorneys for Appellant

STATEMENT OF RELATED CASES


CIRCUIT RULE 28-2.6


Appellant is aware of no other related cases pending in this Court.


Respectfully submitted this 4th day of March, 2014

SMITH PATTEN


_ /s/ Dow W. Patten_____
Dow W. Patten
Attorneys for Appellant

**Form 6.** **Certificate of Compliance With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements**

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

☐ this brief contains _____words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

☐ this brief uses a monospaced typeface and contains_____ lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

☐ this brief has been prepared in a proportionally spaced typeface using *(state name and version of word processing program)* _____ *(state font size and name of type style)* _____, *or*

☐ this brief has been prepared in a monospaced spaced typeface using *(state name and version of word processing program)* _____ with *(state number of characters per inch and name of type style)* _____ .

Signature | _____ |

Attorney for | _____ |

Date | _____ |

9th Circuit Case Number(s)

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date)                    .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date)                    .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users.  I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)